IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

FILED-CLERK
U.S. DISTRICT COURT
06 OCT 10 PM 2: 48
TX EASTERN-MARSHALL
BY_____

| | | |
|---|---|---|
| GABRIEL ACUNA | § | |
| Plaintiff, | § | |
| v. | § | NO. 2-06CV-432 TJW |
| AEROFREEZE, INC. | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE COURT:

Plaintiff, GABRIEL ACUNA, files this Original Complaint against Defendant AEROFREEZE, INC., and in support thereof, respectfully shows the court as follows:

### I.

### PARTIES

1. Plaintiff GABRIEL ACUNA is an individual whose permanent address is in Mount Pleasant, Titus County, Texas.

2. Defendant AEROFREEZE, INC., is a Washington corporation with its principle place of business located at 18394 Redmond Way, Redmond, Washington. Defendant is a non-resident Washington corporation, engaged in and doing business in Texas. Defendant may be served with process through its registered agent for service of process, CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201-4201.

### II.

### JURISDICTION & VENUE

3. The amount involved in this action is in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs. This court has jurisdiction of this case by the reason of the amount in controversy and by reason of a complete diversity of citizenship.

4. Defendant routinely markets and sells its products to food industry companies in the Eastern District of Texas, for the purpose of deriving profit and has in fact derived profits from the sale of freezers in the Eastern District of Texas.

5. Defendant's alleged liability in this case arises from or is related to the sale and distribution of freezers in the State of Texas.

6. Defendant has purposefully availed itself of the privileges and benefits of placing its products into the stream of commerce in Texas and thereby conducts business in the State of Texas.

7. The Court's exercise of personal jurisdiction over Defendant comports with due process.

8. At all times relevant to the cause of action asserted herein, Defendant has had continuing and systematic contact with the State of Texas by delivering its products into the stream of commerce with the expectation that the products would reach consumers within the State of Texas. Further, defendant has had minimum contacts with Texas and is doing business in Texas, by, among other things: entering into contracts by mail or otherwise with residents of the State of Texas and contracting for performance in Texas, and assembling its products in the State of Texas for its consumers.

9. At all times material to this incident, Defendant was and continues to conduct business in and throughout the Eastern District of Texas.

10. The incident made the basis of this suit occurred in the Eastern District of Texas.

11. The Defendants conduct business and sell their products in and throughout the Eastern District of Texas, including the Marshall Division.

12. Venue in this case is proper in the Eastern District of Texas by virtue of Title 28 U.S.C. §1391 (a)(1)(2) and/or (3).

## III.

## FACTUAL BACKGROUND

13. On March 7, 2005, Plaintiff was injured when a panel on top of and covering a spiral freezer manufactured by Defendant for Pilgrim's Pride Corporation collapsed.

14. Upon collapse of the panel, Plaintiff fell approximately sixteen feet to the bottom of the freezer, suffering a traumatic brain injury as well as injury to his back, neck and shoulder.

15. Prior to the collapse of the panel, Plaintiff was required by his employer, Pilgrim's Pride, to clean the top portion of the freezer because various pieces of processed chicken had been blown by the air transfer up to and were resting on top of the freezer. This cleaning was necessary to comply with state and federal health guidelines.

16. In order to clean the top of the freezer, Plaintiff was required to climb up the side of the freezer without the assistance of a ladder fixed to the freezer. Further, Plaintiff was required to climb out onto the top of the freezer to properly clean it. While placing his weight on the top of the freezer, a stainless steel panel collapsed and Plaintiff fell.

17. There were no warnings placed on the top of the freezer of any kind.

## IV.

## STRICT PRODUCTS LIABILITY

18. The freezer at issue in this suit was designed, manufactured, constructed, marketed and/or distributed by and through the agents and/or representatives of the Defendant.

19. Defendant was regularly engaged in the business of designing, manufacturing, and supplying or placing products, like the freezer in question, in the stream of commerce for use by the consuming public, including Pilgrim's Pride, its agents and employees. Further, such conduct was solely for commercial purposes.

20. The freezer in question remained unchanged from the time it was originally manufactured, distributed, sold and set up in the Pilgrim's Pride facility where Plaintiff was injured. The freezer in question was defective and in an unreasonably dangerous condition when it left the hands of Defendant and remained defective and unreasonably dangerous at all times thereafter until it ultimately caused Plaintiff's serious and permanent injuries and damages.

21. At the time the freezer was placed into the stream of commerce, it was or should have been reasonably expected and foreseeable that the freezer would be utilized and maintained by persons such as Plaintiff in the manner and application in which it was being used at the time Plaintiff sustained his serious and permanent injuries.

22. At the time the freezer left the control of Defendant, there were safer alternative designs. Specifically, there were alternative designs that, in reasonable probability, would have prevented or significantly reduced the risk of injury or death to Plaintiff. Furthermore, such safer alternative designs were economically and technologically feasible at the time the product left the control of Defendant, by the application of existing or reasonably achievable scientific knowledge.

23. The freezer was defective and unreasonably dangerous and defective in that it was not adequately designed, manufactured or marketed to minimize the risk of injury or death. By way of example and without limitation, the product in question was unreasonably dangerous and defective in the following ways:

> a. The freezer is not properly designed to allow for cleaning to conform to state and federal governmental regulations in that there is no fixed ladder to allow safe cleaning of the top of the freezer.
>
> b. The freezer is not properly designed to allow for cleaning to conform to state and federal governmental regulations in that the panels on the top of the freezer are not designed to hold the weight of an employee cleaning the top of the freezer.
>
> c. Defendant failed to give adequate warnings to Plaintiff of the risks, nature and extent of danger associated with cleaning the top portion of the freezer. Specifically defendant

failed to warn that the panels on the top of the freezer were not designed to hold the weight of Plaintiff or that the potential for collapse existed.

24. The above unreasonably dangerous defects in the child restraint system were the proximate and producing cause of Plaintiff's serious and permanent injuries and damages.

## V.

## NEGLIGENCE AND GROSS NEGLIGENCE

25. Defendant has a duty to manufacture, distribute and sell products that are not unreasonably dangerous. Defendant, acting by and through its agents and/or representatives breached this duty and was thereby negligent and grossly negligent, careless and reckless in designing, manufacturing, marketing, distributing and selling the freezer in question. As a proximate result of one or more of the aforementioned negligent and grossly negligent acts or omissions or Defendant, Plaintiff sustained serious and permanent injuries and damages.

## VI.

## DAMAGES

26. The unlawful acts and practices described above are and were a producing and proximate cause of Plaintiff's serious and permanent injuries. Those damages include, but are not limited to: physical pain and mental anguish sustained in the past and that will, in reasonable probability be sustained in the future; loss of earning capacity that, in reasonable probability, will be sustained in the future; disfigurement sustained in the past and that, in reasonable probability will be sustained in the future; physical impairment sustained in the past and that, in reasonable probability will be sustained in the future; and medical care in the past and medical care that, in reasonable probability, will be sustained in the future.

27. Defendant's unlawful acts and practices constitute gross negligence due to Defendant's intentional failure to design, manufacture and market a product in accordance with acceptable industry standards and in reckless disregard of the consequences. The conduct of defendant was

consciously and voluntarily committed and has proximately caused the damages stated herein. As a result, Plaintiff is entitled to recover exemplary damages.

## VII.

### JURY DEMAND

28. Plaintiff respectfully request that a jury be impaneled to decide the factual issues of this case.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that upon final trial, Plaintiffs have judgment against Defendant for those damages described above and in the full amounts allowed by law, specifically including, but now limited to:

   a.   A judgment in excess of the jurisdictional limits of this Court;

   b.   pre-judgment interest;

   c.   post-judgment interest;

   d.   costs and expenses; and

   e.   all such other relief, whether at law or in equity, to which plaintiff is justly entitled.

Respectfully submitted,

By _____
Gregory P. Love
State Bar No. 24013060
(Attorney in Charge)

LOVE & GOOLSBY, L.L.P.
P. O. BOX 3427
Longview, Texas 75606
903.230.5683
903.230.5684  FAX

Jimmy V. Delgado
State Bar No. 00793608
THE DELGADO LAW FIRM, P.L.L.C.

The Chevron Tower
1301 McKinney, Suite 3500
Houston, Texas 77010
713.957.4747
713.651.1775

Glenn M. Douglas
State Bar No. 06041700
CROWLEY, DOUGLAS & NORMAN, L.L.P.
1301 McKinney Street, Suite 3500
Houston, Texas 77010
713.651.1771
713.651.1775 FAX

ATTORNEYS FOR THE PLAINTIFF