IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| GABRIEL ACUNA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 2:06-CV-432 (TJW) |
| AEROFREEZE, INC., ET AL., | § | |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is defendant Pilgrim's Pride Corporation's ("Pilgrim") Motion to Vacate the Arbitration Award (Docket Entry No. 28) and related briefing. Also before the Court are Plaintiff Gabriel Acuna's and Defendant Aerofreeze, Inc.'s ("Aerofreeze") Applications to Confirm Arbitration Award (Docket Entry Nos. 13, 15, 21). The Court has carefully considered arguments presented by all the parties involved and hereby DENIES Pilgrim's motion to vacate and CONFIRMS the arbitration award in this case, for the reasons expressed below.

**I.  Background**

Acuna filed this suit on October 10, 2006 against defendant Aerofreeze seeking damages under strict liability and negligence causes of actions for injuries suffered by Acuna while he was cleaning an Aerofreeze spiral freezer (the "Aero freezer"). Acuna was employed by Pilgrim as a cleaner in its frozen food plant in Mt. Pleasant, Texas. Pilgrim had purchased two Aero freezers from Aerofreeze and had installed them at its facility. On March 7, 2005, while Acuna was cleaning the top of one of the Aero freezer, a panel covering the top of the freezer collapsed,

1

dropping the plaintiff approximately sixteen feet to the bottom of the freezer, resulting in brain injury as well as injuries to his back, neck, and shoulder.

This Court had previously granted a motion for abatement and had administratively closed this case pending conclusion of arbitration involving Acuna, Aerofreeze and Pilgrim. On August 20, 2008, the Arbitrator rendered his Final Award finding Pilgrim negligent and ordering it to pay Acuna $385,251.26 plus post-judgment interest at the rate of 5%. Acuna and Aerofreeze have moved this Court to confirm the arbitration award, and Pilgrim has filed a motion to vacate.

## II.    Discussion

The Federal Arbitration Act ("FAA") provides four statutory grounds for vacating an award:

> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; [and]
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a). In addition to the statutory grounds for vacatur, the Fifth Circuit has authorized vacatur if an arbitrator manifestly disregards clearly applicable law. *Brabham v. A.G. Edwards & Sons Inc.*, 376 F.3d 377, 378 (5th Cir. 2004); *Prestige Ford v. Ford Dealer Computer Servs.*, Inc., 324 F.3d 391, 396 (5th Cir. 2003). The Fifth Circuit has cautioned that "the 'manifest disregard' standard is an extremely narrow, judicially-created rule with limited applicability," and that judicial inquiry under this standard is therefore "extremely limited." *See Prestige Ford*, 324 F.3d at 395-96. Although the bounds of this judicially-created ground have

never been defined, it clearly means more than an error or misunderstanding with respect to the law. *Id*.

Judicial review of an arbitration award is "exceedingly deferential." *Am. Laser Vision, P.A. v. Laser Vision Inst.*, L.L.C., 487 F.3d 255, 257 (5th Cir. 2007) (citing *Kergosien v. Ocean Energy, Inc.*, 390 F.3d 346, 352 (5th Cir. 2004)). Vacatur is available "only on very narrow grounds," and federal courts must "defer to the arbitrator's decision when possible." *See id*. (citing *Brabham v. A.G. Edwards & Sons Inc.*, 376 F.3d 377, 380 (5th Cir. 2004)). An award must be upheld as long as it "is rationally inferable from the letter or purpose of the underlying agreement." *See id*. (citing *Nauru Phosphate Royalties, Inc. v. Drago Daic Interests, Inc.*, 138 F.3d 160, 164-65 (5th Cir. 1998)). Even "the failure of an arbitrator to correctly apply the law is not a basis for setting aside an arbitrator's award." *See id*. (citing *Kergosien*, 390 F.3d at 352)

The Supreme Court very recently reemphasized the narrowness of the available grounds for vacatur. *See Hall Street Assocs., L.L.C. v. Mattel, Inc*., 128 S.Ct. 1396 (2008). In *Hall Street* the Court stated that the statutory bases for vacatur under the Federal Arbitration Act are exclusive. *Id.* at 1400. The Supreme Court's decision in *Hall Street* calls into question whether the manifest disregard standard is a ground for vacatur separate from the statutory grounds for vacatur under the FAA. *See id* at 1403. While the Court declined to extend the "manifest disregard" standard to permit parties to contract for greater judicial review of arbitration awards than the FAA recognizes, it did not expressly decide whether this standard remains a separate basis for federal court review of arbitration decisions in at least some circumstances. *See id*. While the Fifth Circuit has cast doubt on the viability of the "manifest disregard" standard

following the *Hall Street* decision,[1] and courts in this district have already abandoned the use of this judicially-created standard,[2] the Circuit is yet to clearly rule whether these non-statutory grounds for vacatur of an arbitration award remain good law after *Hall Street*. *See Rogers*, 2008 WL 2337184, at *2 (refusing to rule on the issue because it had affirmed the district court's confirmation of an arbitration award in that case). Therefore, this Court will analyze the parties' arguments under both the Fifth Circuit's judicially-created "manifest disregard" standard as well as the statutory bases under the FAA that the Supreme Court has declared as exclusive grounds for a vacatur.

With regard to the judicially created grounds for vacatur, Pilgrim argues that the Arbitrator manifestly disregarded applicable Texas law by choosing to use a general negligence standard. Pilgrim contends that plaintiff's injuries were caused by a dangerous condition rather than negligent activities of the employer, and in such a case the Arbitrator was required to employ the premises liability standard proposed by Pilgrim rather than a traditional tort standard proposed by Acuna for evaluating liability. This Court is not convinced that Texas law clearly mandates the exclusive use of one or the other liability theory in cases involving claims of an injured employee against a non-subscriber employer. The governing law alleged to have been ignored by the arbitrators must be well defined, explicit, and clearly applicable. *Prestige Ford*, 324 F.3d at 395-96. Such is not the case here. Pilgrim seems to argue that the Texas Supreme Court has required the use of premise liability standard in all injury cases where there is no

---

[1] *Rogers v. KBR Technical Services Inc.*, Slip Copy, 2008 WL 2337184 (5th Cir. June 09, 2008) ("The Supreme Court has recently held that the provisions of the FAA are the exclusive grounds for expedited vacatur and modification of an arbitration award, which calls into doubt the non-statutory grounds which have been recognized by this Circuit.").

[2] *Householder Group v. Caughran*, 2008 WL 4254586, at *3, (E.D. Tex. Sept. 17, 2008) ("In light of the Supreme Court's holding in *Hall Street*, the court will limit its analysis to the statutory grounds enumerated in the FAA.").

4

ongoing activity. *See Reply*, at p. 10 (citing *Keetch v. Kroger*, 845 S.W.2d 262, 263 (Tex. 1992)). Pilgrim further argues that the only plausible way that Arbitrator could utilize a general negligence standard was if Acuna was injured by an ongoing activity of Pilgrim, not a general condition of Pilgrim's property. *See Reply*, at p. 10 (citing *In re Tex. DOT*, 218 S.W.3d 74, 77-78 (Tex. 2007)). This is indeed a stretched reading of Texas case law. In *Keetch*, the Texas Supreme Court found that the trial judge in that case did not err by not submitting a negligent activity theory of liability to the jury in a case where a store customer was injured by a slip and fall. *See Keetch*, 845 S.W.2d at 264. The Arbitrator here instead found support in a more recent case involving an employee of a workers' compensation nonsubscriber who brought a negligence cause of action against his employer for injuries sustained in the course of employment. *See* Interim Arbitration Award, page 6, ¶ 5 (citing *Brookshire Grocery Co. v. Goss*, 208 S.W.3d 706 (Tex. App.—Texarkana 2006) *rev'd on other grounds*, 2008 WL 3991184 (Tex. 2008)). He found that Texas law allowed such an employee to pursue claims under standard negligence or premises liability. *Id*. The Arbitrator acknowledged and differentiated Texas case law that applied to independent contractors. *See* Interim Arbitration Award, page 6, ¶ 6 (citing *Clayton W. Williams, Jr., Inc. v. Olivo*, 952 S.W.2d 523 (Tex. 1997)). Further, the Arbitrator noted and included in his analysis the distinction that Texas has recognized with regard to duties owed by an employer to its employees. *See* Interim Arbitration Award, page 6, ¶ 5. As Acuna points out, Texas courts have indeed allowed the use of a general negligence standard in cases involving employee claims even where there is no "ongoing activity" by the employer. *See, e.g. Farley v. M M Cattle Co.*, 529 S.W.2d 751, 754 (Tex.1975); *Ibrahim v. Young*, 253 S.W.3d 790 (Tex. App.—Eastland 2008, no pet.). Pilgrim attempts to differentiate

these cases by arguing that none of these cases involved a dangerous condition of the property. *See Response*, p. 8. For instance, it argues that in *Ibrahim*, the employee was injured while "utilizing an unsafe chair," and not as a result of an unsafe condition.[3] *See Response*, p. 9. Pilgrim's argument seems to be that sitting on an office chair is a dangerous activity, but cleaning the top of a sixteen foot freezer is not. Alternately, it seems to be arguing that a collapsible freezer top that an employee is required to clean can be an unsafe condition of the premises but an office chair that an employee sits in cannot. If anything, Pilgrim's arguments illustrate that Texas law on this issue is not as clear cut as Pilgrim would have the Court believe. The Court therefore finds that this is not a case in which the Arbitrator knew of a clearly applicable legal standard and refused to apply it. *See Williams v. Cigna Financial Advisors Inc.*, 197 F.3d 752, 762 (5th Cir. 1999). Similarly, the Court cannot conclude that the Arbitrator refused to apply clearly applicable law with regard to duties owed by an employer to an employee in Texas. *See* Interim Arbitration Award, page 7, ¶ 7-8.

Pilgrim then proceeds to argue that the Arbitrator's analysis of this case under Texas law resulted in a "significant injustice" to Pilgrim because the Arbitrator's findings were not enough to hold Pilgrim liable for plaintiff's injuries. As the Fifth Circuit has stated, "[w]e will not second-guess multiple, implicit findings and conclusions underpinning the award. We do not decide if the award was free from error." *Am. Laser Vision*, 487 F.3d at 260; *see also Kergosien*, 390 F.3d at 358 ("Courts are not authorized to review the arbitrator's decision on the merits despite allegations that the decision rests on factual errors or misinterprets the parties'

---

[3] In *Ibrahim*, an employee sued her employer claiming that she sustained injuries to her neck and back when her office chair broke and she fell. *Ibrahim*, 253 S.W.3d at 795. Since the employee was injured while in the course and scope of her employment when her chair broke, the Court found that there was sufficient evidence to prove that employer was liable under a negligence cause of action. *Id.* at 804.

6

agreement." quoting *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001)). This Court therefore rejects Pilgrim's contention that the Arbitrator manifestly disregarded applicable Texas law in reaching a conclusion in this case.

Nor can the Court find that the Arbitrator exceeded his powers and engaged in misconduct in violation of the statutory grounds that may entitle Pilgrim to a vacatur. Again, Pilgrim contends that the Arbitrator did so in deciding to utilize a general negligence standard instead of a premises liability standard to evaluate the disputed facts. Pilgrim argues that vacatur is appropriate under §10 of the FAA here because "the arbitrator's award was so unfounded in reason and fact, so unconnected with the wording and purpose of the . . . agreement as to manifest an infidelity to the obligation of an arbitrator." *See* Reply, at p. 6 (quoting *Sunguard Energy Systems, Inc. v. Gas Transmission Nw. Corp.*, 551 F. Supp. 2d 608, 618 (S.D. Tex 2008)). The Court disagrees. Just because the Arbitrator did not enter a finding on each of the elements of Pilgrim's proposed liability theory does not mean that the Arbitrator exceeded his authority and engaged in misconduct. The Arbitrator did follow Texas law as required by the parties' agreement. He stated reasons for applying the traditional tort standard rather than the premises liability standard in evaluating liability. He cited sufficient Texas case law to support his decision. As explained above, Texas courts have not rigidly compartmentalized liability theories in cases involving injured employee claims. The court, therefore, finds that the Arbitrator did not exceed its powers or engage in misconduct by refusing to analyze Pilgrim's liability under the premises liability.

Given that the Fifth Circuit has mandated an exceedingly deferential judicial review of an arbitrator's decision, this Court is not persuaded this is the kind of extraordinary case that would

lead to the conclusion that the Arbitrator was "dispensing his own brand of industrial justice." *Am. Laser Vision*, 487 F.3d at 260. The Court cannot vacate the Arbitrator's decision in this case on the basis of either manifest disregard of the law or on the statutory bases available for vacatur.

For these reasons, the Court GRANTS Acuna's and Aerofreeze's motions to confirm the Arbitrator's award in this case and DENIES Pilgrim's motion to vacate.

It is so ORDERED.

SIGNED this 29th day of October, 2008.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE